IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SNYDER, et al., | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 18 C 583 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| WAL-MART STORES, INC., et al., | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION AND ORDER

On January 26, 2018, Defendants Wal-Mart Stores, Inc. and Michael Zakaras removed Plaintiffs' state court action to this Court and subsequently filed a Motion to Dismiss Michael Zakaras pursuant to Fed. R. Civ. P. 21 under the doctrine of fraudulent joinder. (Dkt. No. 1). On February 15, 2018, Plaintiffs Betsy and Jack Snyder filed a Motion to Remand their case back to state court. (Dkt. No. 18). Defendants responded to Plaintiffs' Motion to Remand, attaching affidavits of individually named defendants Zakaras and Jerome Davis in support of their fraudulent joinder theory. (Dkt. No. 26). Plaintiffs then moved to strike Davis' affidavit. (Dkt. No. 29). For the reasons stated below, Plaintiffs' Motion to Strike the Declaration of Jerome Davis [29] is denied, Plaintiffs' Motion to Remand [18] is granted, and Defendants' Motion to Dismiss Michael Zakaras [6] is denied as moot.

## STATEMENT OF THE FACTS

On December 18, 2017, Plaintiffs Betsy and Jack Snyder, both Illinois citizens, filed suit in the Circuit Court of Cook County Law Division against Defendants Wal-Mart Stores, Inc. and Michael Zakaras, individually and as an agent/employee of Wal-Mart. *See Snyder, et al. v. Wal-*

1

*Mart Stores, Inc.*, No. 2017 L 12954 (Ill. Cir. Ct.). Plaintiffs' claims arise out of a slip and fall incident at a Wal-Mart store in Illinois. Plaintiffs believed Zakaras to be the manager of the store where the incident occurred. (Dkt. No. 18 at 1). Wal-Mart is a citizen of Delaware and Arkansas, and Zakaras is a citizen of Illinois. (*Id.* at 2).

On January 26, 2018, Plaintiffs sought and were granted leave to file their Amended Complaint *instanter* to add Jerome Davis, an Illinois citizen, as a defendant and to issue summons for Davis. (*Id.* at Ex. C). That same day, January 26, 2018, Defendants removed the case to federal court, attaching Plaintiffs' Original Complaint. (Dkt. No. 1). Defendants' Notice of Removal was filed with the Northern District of Illinois at 11:55 a.m. (*See* Dkt. No. 26, Ex. E (CM/ECF Notice of Electronic Filing)). Plaintiffs then properly filed their Amended Complaint in state court at 12:16 p.m., commenced service on Davis and served Defendants Wal-Mart and Zakaras via email at approximately 1:40 p.m. that afternoon. (Dkt. No. 18, Ex. D). Defendants' state court removal notice was file-stamped at 3:16 p.m. (Dkt. No. 18, Ex. H). On January 29, 2018, the Clerk of the Northern District of Illinois notified Plaintiffs that a notice of removal had been filed in federal court. (Dkt. No. 27 at 7, Ex. B (1/29/18 Letter from Thomas G. Burton, Clerk's Office for the Northern District of Illinois)).

Upon removing the case, Defendant filed a Motion to Dismiss Zakaras, an Illinois citizen, pursuant to Rule 21 under the doctrine of fraudulent joinder. (Dkt. No. 6.) In lieu of responding to Defendants' Motion to Dismiss, Plaintiffs filed a Motion to Remand the case for lack of complete diversity based on the addition of Jerome Davis in their Amended Complaint. (Dkt. No. 12; Dkt. No. 27 at 1, n.1). Plaintiffs argued alternatively that the Court should remand because Defendants' removal was procedurally deficient for attaching the original and not amended state-court pleading. (Dkt. No. 12). Defendants argued in their Response to Plaintiffs'

2

Motion to Remand that Davis was not a party to the case because he was not added until after the case was removed and, even if he were a party, both Zakaras and Davis should be dismissed for fraudulent joinder because neither can be held personally liable to Plaintiffs for actions beyond the scope of their employment as Wal-Mart managers. (Dkt. No. 26). Defendants attached to their Response affidavits of Michael Zakaras and Jerome Davis declaring under penalty of perjury that they did not have any personal knowledge of the facts and circumstances concerning Plaintiffs' alleged accident. (Dkt. No. 26, Ex. B-C). Plaintiffs filed a Motion to Strike the Declaration of Jerome Davis as an unsworn declaration because it was not properly notarized and failed to otherwise qualify as an unsworn declaration under penalty of perjury pursuant to 18 U.S.C. § 1746. (Dkt .No. 29).

In summary, the parties dispute the following issues in their motions: (1) whether Defendants' removal was procedurally deficient; (2) when removal became effective and, relatedly, which of Plaintiffs' complaints is the operative complaint to be considered by this Court in deciding Plaintiffs' Motion for Remand; and (3) if the Amended Complaint is the operative complaint, whether Davis' affidavit qualifies as an unsworn declaration under penalty of perjury pursuant to 18 U.S.C. § 1746 or should be stricken; and (4) whether Zakaras or, if applicable, Davis should be dismissed under the doctrine of fraudulent joinder.

## **DISCUSISON**

### I.  **Defendants' removal was procedurally sound.**

Plaintiffs contend that Defendants' Notice of Removal was deficient because Defendants failed to attach Plaintiffs' Amended Complaint. Under 28 U.S.C. §1446(a), a removing defendant is required to provide the district court with "a copy of all process, pleadings and orders served upon [him] in such action." A defendant's failure to attach the operative complaint

3

can constitute independent grounds for remand, as "a defect in the removal procedure means failure to comply with §1446." *In re Continental Casualty Co.*, 29 F.3d 292, 294 (7th Cir. 1994). When an amended complaint is filed, "it is well established that the amended pleading supersedes the original pleading." *Wellness Cmty. v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) (citations omitted). In this case, however, Plaintiffs' Amended Complaint was not filed until after Defendants filed their Notice of Removal in federal court. Defendants did not attach Plaintiffs' Amended Complaint because it did not yet exist. Thus, Defendants' Notice of Removal was not defective as filed.

## II. Plaintiffs' Amended Complaint is the operative pleading.

Title 28 U.S.C. §1446(d) provides that, after filing a notice of removal in federal court, a defendant "must promptly . . . give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Courts differ in how they interpret this statutory provision in determining when removal becomes effective. As the Eighth Circuit explained:

> Most courts hold that removal is effected by filing a copy of the notice of removal in the state court. Some courts … have held that removal is effected simply by filing the notice of removal in the federal court. Finally, a few courts have held that the state and federal courts have concurrent jurisdiction until the notice of removal is filed with the state court.

*Anthony v. Runyon*, 76 F.3d 210, 213–14 (8th Cir. 1996) (citations omitted).

The Seventh Circuit has not addressed whether removal is effected simply by filing notice of removal in the federal court or if removal is not effected until such notice is also filed in the state court. District courts in this circuit have held that Section 1446(d) contains three procedural elements—(1) filing notice with federal court, (2) providing written notice to all adverse parties, and (3) filing notice with the state court—and that defendants must satisfy all

4

three elements for removal to take effect. *See, e.g., L & O P'ship No. 2 v. Aetna Cas. & Surety Co.*, 761 F. Supp. 549, 551 (N.D. Ill. 1991) ("To effect removal, a defendant must comply with all of the requirements of section 1446(d)."); *Jeffery v. Cross Country Bank*, 131 F. Supp. 2d 1067, 1069 (E.D. Wis. 2001) ("Under 28 U.S.C. § 1446(d) removal is effected by the defendant's taking three procedural steps: filing a notice of removal in federal court, giving prompt written notice to adverse parties and filing a copy of the notice in state court. While it has been held that removal is effected when the notice is filed in federal court, the rule most consistent with the language of § 1446(d) is that removal is not effective until all the steps required by the statute have been completed.") (citation omitted); *Neurology & Pain Mgmt. Assocs., P.C. v. Bunin*, No. 16 C 2856, 2017 WL 82512, at *3 (S.D. Ind. Jan. 10, 2017) ("'Promptly after the filing of [the] notice of removal,' the defendant seeking removal must also provide written notice of the removal to all adverse parties and 'shall file a copy of the notice [of removal] with the clerk of such State court' in order to give effect to the removal.") (quoting 28 U.S.C. § 1446(d)).

Similarly, the majority of other circuits have held that removal is not effective *at least* until the notice has been filed with the state court. *See e.g., Browning v. Am. Family Mut. Ins. Co.,* 396 Fed. Appx. 496, 505 (10th Cir. 2010) ("Under 28 U.S.C. § 1446(d) removal is effected by the defendant's taking three procedural steps . . . . Each step provides important notice to a relevant actor: the federal court, the adverse parties, and the state court. Federal courts have remanded cases based upon a showing of prejudice to one of these three actors arising from the failure to provide notice."); *Anthony*, 76 F.3d at 213 ("The only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time."); *Resolution Trust Corp. v. Nernberg*, 3 F.3d 62, 69 (3rd Cir. 1993)

("[N]otice to the state court . . . has been held necessary to terminate the state court's jurisdiction.") (citation omitted); *Stephens v. Portal Boat Co.*, 781 F.2d 481, 482 n.1 (5th Cir. 1986) ("[A] removal is not effective until notice is given to the state court.") (citation omitted).

Here, the conclusion is the same regardless of whether Section 1446(d) is interpreted such that filing notice of removal with the state court is sufficient to effect removal or if providing notice to adverse parties is also required. Plaintiffs properly filed their Amended Complaint in state court before Defendant filed notice of removal in state court or provided notice to all adverse parties. Therefore, the Amended Complaint, with Davis added as a named defendant, superseded the original Complaint and is the operative complaint the Court will consider when addressing the parties' motions. *See Wellness Cmty.*, 70 F.3d at 49.

### III. Davis' affidavit is an unsworn declaration under penalty of perjury pursuant to 18 U.S.C. § 1746.

Plaintiffs seek to strike the Affidavit of Jerome Davis attached to Defendants' Response to Plaintiffs' Motion for Remand on two grounds: (1) the Affidavit is an unsworn statement because it was notarized four days after Davis signed it, and (2) the Affidavit does not qualify as an unsworn statement under penalty of perjury pursuant to 28 U.S.C. § 1746 because Davis' signature appears only on the second page and not on the first page immediately beneath the "under the penalty of perjury" language. (Dkt. No. 29). Plaintiffs are correct that the Affidavit of Jerome Davis submitted by Defendants is an unsworn statement; however, it satisfies 28 U.S.C. § 1746 and may be considered as an unsworn declaration under penalty of perjury.

"An affidavit is a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath." *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985) (internal citations omitted). The Affidavit of Jerome Davis submitted by Defendants does not qualify as an "affidavit" under this definition because he signed it on February 28, 2018 and

6

it was not notarized until four days later on March 4, 2018.  *See, e.g., Owens v. Hinsley*, 635 F.3d 950, 954 (7th Cir. 2011) ("Owens's submission was not literally an 'affidavit' because he did not swear to the content in the presence of someone authorized to administer oaths.") (internal citations omitted); *Cornelius v. Hondo*, 843 F.Supp. 1243, 1247 (N.D. Ill 1994) (rejecting affidavit where it was "clear that the affidavit was not signed in the presence of a notary public; rather, the notarization was added after the fact").

However, a court may accept an unsworn statement as an affidavit if it complies with the requirements of 28 U.S.C. §1746.  *Owens*, 635 F.3d at 955.  28 U.S.C. §1746 provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> . . .
>
> (2)   If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

Accordingly, an unsworn declaration can qualify as an affidavit if "subscribed 'under penalty of perjury,' as required by 28 U.S.C. § 1746." *Jajeh v. Cnty. of Cook*, 678 F.3d 560, 567 (7th Cir. 2012) (quoting Section 1746).

Plaintiffs argue that the Affidavit of Jerome Davis fails to satisfy 28 U.S.C. § 1746 because the language "under the penalty of perjury" *precedes* the body of his declaration and is not on the same page of the affidavit that Davis actually signed.  The Affidavit is two pages long: the first page states "I, JEROME DAVIS, swear and declare under penalty of perjury that the

7

following facts are true and correct of my own personal knowledge" and contains eight of the nine declarations but no signature; the second page which clearly continues from the first contains the last declaration and Davis' signature. (Dkt. No. 26, Ex. C). Plaintiffs contend there is no indication Davis actually acknowledged he is subject to penalty of perjury for false statements made on the first page. (*See* Dkt. No. 29 at 3). Plaintiffs rely on *Knights v. Williams*, in which the district court held that the defendant's affidavit did not comply with 28 U.S.C. § 1746 because the defendant signed the document but left blank the signature block under the statement that he understood he was subject to the penalty of perjury. No. 02 C 5017, 2005 WL 1838427, at *3 (N.D. Ill. July 28, 2005). The district court found it "quite suspicious . . . that the signer executed the document but specifically abjured from signing the portion of the document on the same page that would subject him to penalties of perjury for any false statement(s)." *Id.* Davis, on the other hand, specifically signed the signature block below both the penalty of perjury language and all of the statements he attested were true. (Dkt. No. 26, Ex. C).

Moreover, "Title 28 U.S.C. § 1746 . . . only requires substantial compliance. The fact that [the affiant] signed his declaration under penalty of perjury is sufficient." *Ticketreserve, Inc. v. Viagogo, Inc.*, 656 F. Supp. 2d 775, 777, n.1 (N.D. Ill. Aug. 11, 2009) (internal citations omitted); *see also London v. Guzman*, 26 F. Supp. 3d 746, 753 (N.D. Ill. 2014) (distinguishing between an unsworn declaration dated and signed "under penalty of perjury" and an unsigned affidavit not made under penalty of perjury). 28 U.S.C. § 1746 requires only that the document be "made under penalty of perjury and verified as true and correct." *Mokry v. PartyLite Worldwide, Inc.*, No. 07 C 0972, 2009 WL 2588888, at *6 (N.D. Ill. Aug. 20, 2009); *see also Hudson v. Preckwinkle*, No. 13 C 8752, 2015 WL 1541787, at *13 (N.D. Ill. Mar. 31, 2015)

("The benefit of a sworn statement is that the Court recognizes that the affiant is putting himself at risk in stating the facts that are contained within the statement."). Davis has done that here.

Plaintiffs' Motion to Strike the Declaration of Jerome Davis [29] is dismissed.

### IV. Davis was not fraudulently joined and is not dismissed; therefore, Plaintiffs' case is remanded to state court and the Motion to Dismiss Zakaras is dismissed as moot.

Diversity jurisdiction is limited. "For a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be 'complete' meaning that no plaintiff may be a citizen of the same state as any defendant." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quoting *Hoosier Energy Rural Elec. Coop. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1314–15 (7th Cir. 1994)). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citation omitted). While "[a] plaintiff typically may choose its own forum, [] it may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Id.* at 763 (citations omitted). Thus, in determining whether diversity of citizenship exists, courts may disregard parties fraudulently joined. *Id.*; *see also Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993) ("In determining whether there is diversity of citizenship, parties fraudulently joined are disregarded.").

"To establish fraudulent joinder, a removing defendant 'must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.'" *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (emphasis in original) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). "In conducting this analysis, a district court must turn to state law to determine whether the plaintiff has any reasonable possibility of success." *Schur*, 577 F.3d at 764; *see also Poulos*, 959 F.2d at 73

("[T]he federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?"). The parties agree that Illinois law governs Plaintiffs' claims. Thus, the relevant inquiry is whether there is a "reasonable possibility" that an Illinois court would find in Plaintiffs' favor on the negligence claims against Zakaras or Davis.

"Under applicable Illinois law, a principal is vicariously liable for the torts of its agent when the agent is acting within the scope of her employment." *Id.* (citing *Pyne v. Witmer*, 543 N.E.2d 1304, 1308 (Ill. 1989)). "[A]n agent who breaches a duty owed *solely* to her principal is not independently liable to an injured third party." *Id.* (emphasis in original) (citing *Bovan v. Am. Family Life Ins. Co.*, 897 N.E.2d 288, 295 (Ill. App. Ct. 2008)). "The law of agency does not impute a duty that the principal owes to a third party onto an agent." *Hoidas v. Wal-Mart Stores, Inc.*, No. 09 C 7409, 2010 WL 1790864, at *2 (N.D. Ill. Apr. 30, 2010) (citing *Bovan*, 897 N.E.2d at 295). "Instead, the duty of care flows from the relationship between the parties." *Id.* (citing *Bovan*, 897 N.E.2d at 294). Thus, in their role as agents of Wal-Mart, Zakaras and Davis "would not be personally liable for any tort they may have performed while working within the scope of their employment." *Id.* "Whether the employer is held vicariously liable for the agent's conduct, however, does not affect the agent's independent tort liability." *Schur*, 577 F.3d at 765 (citing *Towns v. Yellow Cab Co.*, 382 N.E.2d 1217, 1221 (Ill. 1978)). "Thus, a claim with a reasonable possibility to succeed must at least suggest an independent duty that the defendant owes to the plaintiff." *Hoidas*, 2010 WL 1790864 at *2. The question becomes whether Zakaras or Davis owed Plaintiffs an independent duty.

"Whether a duty exists is a question of law." *Schur*, 577 F.3d at 766 (citing *Widlowski v. Durkee Foods, Div. of SCM Corp.*, 562 N.E.2d 967, 968 (Ill. 1990)). "It is well settled that every

person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act, and such a duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown persons." *Id.* (citing *Widlowski*, 562 N.E.2d at 968). "To determine whether an individual owed a duty to another, a court considers whether the risk of harm was reasonably foreseeable." *Id.* (citing *Widlowski*, 562 N.E.2d at 968).

It is reasonably possible that an Illinois state court could find that Davis had an independent duty to Plaintiffs. Davis was the manager of the Wal-Mart store where the incident occurred. According to his affidavit, he worked the day of Plaintiff's injury but his shift ended six hours prior to the accident. (Dkt. 26, Ex. C) Defendants contend that Davis's absence supports a finding of fraudulent joinder. A store manager's absence from the store at the time of injury is not necessarily dispositive. *See, e.g., Salah v. Wal-Mart Stores, Inc.*, No. 16 C 1163, 2017 WL 131581, at *4 (S.D. Ill. Jan. 13, 2017) ("While it is true that [the defendant] was not working at the time of Salah's injury, he was the store manager and had responsibility for the overall operation of the store."); *Lambert v. Wal-Mart Stores, Inc.*, No. 14 C 1124, 2015 WL 264817, at *3 (S.D. Ill. Jan. 20, 2015) ("[The defendant] was managing the store *close in time* to plaintiff's injury.") (emphasis added).

A manager may be liable where she is an "active tortfeasor," meaning she caused the incident or actively contributed to the act which caused the incident. *See Brady v. Menard, Inc.*, No. 16 C 7509, 2017 WL 201375, at *2 (N.D. Ill. Jan. 18, 2017) ("Some allegations, such as the failure to maintain the premises in a reasonably safe condition or the failure to provide adequate rules or protocols, clearly could not generate liability for individual employees. However, others, such as the failure to properly stack the wood or tie down the product, could present individual

liability for the negligently stacking or tying employee."); *c.f. Odom-Green v. Wal-Mart Stores, Inc.*, No. 13-00631-DRH, 2013 WL 5967738, at *2 (S.D. Ill. Nov. 8, 2013) ("A store manager, as an agent, cannot be held liable for a customer's injuries unless the agent is an active tortfeasor.") (citing *Northrop v. Lopatka*, 610 N.E.2d 806, 810 (Ill. App. 1993)). Plaintiffs allege Davis created the unreasonably dangerous condition that caused Plaintiff's injury by placing the floor mats underneath the produce stand for storage purposes. *See, e.g., Brady*, 2017 WL 201375 at *2 ("[T]he Court reads the allegations to allege in part that [the nondiverse defendant] may have been the one who improperly stacked or otherwise actively contributed to [the plaintiff's] injuries."). In other words, Plaintiffs allege Davis was an active tortfeasor and, therefore, liable for their injuries independent of any duty owed to them by Wal-Mart. *See, e.g., Likens v. Menard, Inc.*, No. 15 C 2959, 2015 WL 3961635, at *3 (N.D. Ill. June 26, 2015) (finding the plaintiff "alleged that the employee was an active participant in the accident that caused the injury" and had therefore presented a sufficient possibility of recovery against the employee); *c.f. Roh v. Starbucks Corporation*, No. 13 C 8865, 2015 WL 232374, at *3 (N.D. Ill. Jan. 14, 2015) (employee was not an "active tortfeasor" where she "did not commit the act which caused the incident or actively contribute to the act which caused the incident").

Defendant's Motion to Dismiss Davis pursuant to Rule 21 is denied. Because it is reasonably possible a state court could find for Plaintiffs against Davis individually, he was not fraudulently joined and must be considered in the determining whether complete diversity exists. Complete diversity does not exist because Plaintiffs and Davis are all Illinois citizens. Therefore, Defendants have failed to meet their burden to establish that removal was proper. Plaintiffs' Motion to Remand [18] the case to state court is granted. Defendants' Motion to Dismiss Zakaras [6] is also denied as moot. *See, e.g., Brady*, 2017 WL 201375 at *3 (federal

court's analysis of whether a possible claim had been stated against the individual defendants for purposes of determining whether joinder was fraudulent "does not necessarily foreclose arguments under different state law standards").

## **CONCLUSION**

For the reasons stated above, the Court denies Plaintiffs' Motion to Strike the Declaration of Jerome Davis [29] and grants Plaintiffs' Motion to Remand [18]. Defendants' Motion to Dismiss Michael Zakaras [6] is denied as moot.

_____
Hon. Virginia M. Kendall
United States District Judge

Date: April 2, 2018